IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CLARIZZA CAVAZOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 2:14-cv-00152 |
| | § | |
| FIRST DATA TECHNOLOGIES INC., | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Clarizza Cavzaos files this First Amended Original Complaint against Defendant First Data Technologies Inc., and shows as follows:

**PARTIES**

1. The plaintiff is Clarizza Cavazos. She is an individual and resident of Nueces County, Texas.

2. The defendant is First Data Technologies Inc. and/or First Data Corporation. It is a corporation authorized to conduct business in the state of Texas. Service of process may be performed on the defendant by personal service on its registered agent for service, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**JURISDICTION**

3.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331.  It presents a federal question.  *See id.*

## VENUE

4.     Pursuant to 29 U.S.C. § 1132(e)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

## FACTS

5.     The plaintiff was employed by the defendant in Corpus Christi for almost 2 years.  The plaintiff was employed by the defendant as a customer service representative.  She earned $10.25 per hour, plus benefits.  She worked an average of 40 hours per week for the defendant, fielding in-bound calls from the defendant's clients.  The defendant employs more than 50 persons.  During the 12-month-period prior to her discharge, the plaintiff worked at least 1,250 hours.  The defendant is subject to the provisions of the Family Medical Leave Act ("FMLA").

6.     The defendant is a global payment processing company headquartered in Atlanta, Georgia.  It is a provider of electronic commerce and payment solutions.  The defendant represents that its portfolio includes merchant transaction processing services, credit, debit, private-label, gift, payroll and other prepaid card offerings, fraud protection and authentication solutions, credit reporting agency services (through First Data Merchant Services Corporation), and electronic check acceptance services through TeleCheck.

7.     On or about January 27, 2014, the plaintiff suffered a serious medical condition. The plaintiff immediately notified her immediate supervisor of her condition and/or as soon as was practical.  Her immediate supervisor was Kayla Young.  Ms. Young advised the plaintiff to obtain the proper form for leave under the FMLA from the defendant's website.  The plaintiff complied and obtained the form.  The plaintiff gave the form to her health care provider.  The health care provider then completed the form and returned the completed form directly to the defendant.   The health care provider certified the plaintiff's serious medical condition and instructed the defendant that the plaintiff would require intermittent leave 2 to 3 times per week or about 16 hours per week for the following six-month period, beginning from January 27, 2014.  The form was signed by the health care provider on or about February 11, 2014.

8.     The plaintiff worked intermittently for the defendant between on or about January 27, 2014 and April 9, 2014.  During the times she was unable to report to work because of her medical condition, the plaintiff called the defendant to report her absence as FMLA leave, which was acknowledged by the defendant.  Further, even when she was present and working, it was necessary for the plaintiff to take frequent breaks to address her condition, for which her immediate supervisor was aware.   Initially, there were no complaints from the defendant concerning her medical conduction and need for intermittent FMLA leave.

9.      However, in early March 2014, the plaintiff was called into a meeting with Robert Perez (management level employee) and Kayla Young (immediate supervisor).   During the meeting, the plaintiff was given a 90-day performance improvement plan.  She was given the plan because her "compliance" score was at 87-88 but needed to be 95 or higher.  The compliance score is measured by each employee's on-time performance, which is, generally, the time they arrive to work each day, the times they take breaks and return from breaks.  The plaintiff, while not ever late for work, responded by explaining that she required unscheduled breaks because of her medical condition and that the breaks adversely affected her score.  In response, Mr. Perez rolled his eyes, entirely dismissing the plaintiff's explanation.

10.     Based on information and belief, a significant number of the defendant's employees in Corpus Christi maintain a compliance score below 95.

11.     On or about April 9, 2014, after having raised her compliance score to 94, the plaintiff required a day of leave under the FMLA.  She therefore called in to report her medically-needed leave to the defendant.  However, about an hour later, Mr. Perez called the plaintiff at home and advised her that her employment with the defendant was terminated because of her compliance score being at 94 instead of 95.  The 90-day performance improvement plan had not expired.  Indeed, it had been only about 30 days since it was given to the plaintiff.

12. The plaintiff was shocked by her sudden discharge. The plaintiff had no or virtually no disciplinary history during her employment with the defendant. Indeed, she was a top performer.

## CAUSES OF ACTION

### Count 1–FMLA Retaliation

13. The plaintiff incorporates within Count 1 all of the allegations set forth in paragraphs 1-12, *supra*.

14. To protect the prescriptive rights of eligible employees, the FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise or or attempt to exercise" any substantive FMLA right. 29 U.S.C. § 2615(a)(1). When proving a violation of an employee's prescriptive rights, the subjective intent of the employer is irrelevant. The issue is simply whether the employer provided its employee the entitlements set forth in the FMLA.

15. Further, the FMLA allows an eligible employee up to twelve weeks of unpaid, job-protected leave because of a serious medical condition that prevents the employee from performing the essential functions of her job.

16. To make a *prima facie* showing of retaliation under the FMLA, a plaintiff must show that (a) she was protected under the FMLA, (b) she suffered an adverse employment action, and (c) that the adverse employment action was made, at least in

part, because she took FMLA leave. Here, the plaintiff was protected under the FMLA, as she obtained the proper certification from her health care provider, she suffered an adverse employment in that she was discharged from her employment by the defendant, and the decision of the defendant was motivated by her intermittent absences because she was placed on a performance improvement plan because of her FMLA absences and then not even allowed to complete the performance improvement plan before being discharged on a day that she was absent because of her medical condition.

17. The defendant's conduct caused damages to the plaintiff. She therefore seeks reinstatement, to recover her economic and non-economic damages from the defendant, her damages for mental anguish, and all other damages provided by law. Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law. The plaintiff also seek her attorney's fees, as provided by law.

## **PRAYER**

18. For these reasons, Plaintiff Clarizza Cavazos respectfully requests that Defendant First Data Technologies Inc. and/or First Data Corporation be cited to appear herein and answer, and that upon trial of this matter, have judgment against Defendant for Plaintiff's reinstatement, damages, economic damages, non-economic damages, mental anguish damages, exemplary damages, attorney's fees, costs, pre-judgment interest, post-

judgment interest, and for such other relief, at law or in equity, to which Plaintiff may be justly entitled.

        Respectfully submitted,

        s/Jon D. Brooks
        Jon D. Brooks
        Attorney-in-Charge
        Federal ID 24936
        State Bar No. 24004563
        400 Mann Street, Suite 1001
        Corpus Christi, Texas 78401
        361.885.7710
        361.885.7716 (facsimile)
        www.brooksllp.com

        **Attorneys for Plaintiff Clarizza Cavazos**