THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CLARIZZA CAVAZOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 2:14-cv-00152 |
| | § | |
| FIRST DATA TECHNOLOGIES INC., | § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

## DEFENDANT FIRST DATA TECHNOLGIES, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

COMES NOW Defendant First Data Technologies, Inc. (hereinafter, "Defendant") and for its Answer to the Plaintiff's First Amended Original Complaint and demand for trial by jury, states and alleges as follows:

1.     Admits that Clarizza Cavazos is the Plaintiff in the above-captioned action, but lacks information sufficient to form a belief as to the current residence of Plaintiff as alleged in Paragraph 1, and for that reason, denies those allegations.

2.     Admits that First Data Technologies Inc. is a proper party to this action, is authorized to conduct business in the State of Texas, and that it was properly served.  Further answering, denies that First Data Corporation is a proper party to this action or that it has been served and further pleads that Plaintiff was employed by First Data Technologies Inc.

3.     Admits the allegations of Paragraph 3 insofar as they allege jurisdiction, but specifically denies that Defendant has any liability in this matter.

### VENUE

4.     Admits the allegations of Paragraph 4 insofar as they allege venue, but specifically denies that Defendant has any liability in this matter.

<u>FACTS</u>

5.      Admits that Plaintiff was employed by Defendant, that Defendant is subject to the provisions of the Family Medical Leave Act ("FMLA") and that Plaintiff was qualified to take FMLA leave, but denies the remaining allegations of Paragraph 5.

6.      Admits that Defendant is a global payment processing company and that it has offices in Atlanta as well as other locations, but denies the remaining allegations of Paragraph 6.

7.      Lacks sufficient information upon which to form a response as to the date of Plaintiff's serious medical condition, the temporal proximity between such date and any notification to her supervisor, and the nature of Plaintiff's interaction with her healthcare provider, and therefore denies those allegations, but admits the remaining allegations of Paragraph 7.

8.      Admits that Plaintiff worked intermittently between January 27, 2014 and April 9, 2014 and that on certain of those occasions she called to report her absence as FMLA leave and the Defendant did not complain regarding Plaintiff's intermittent leave, but denies the remaining allegations of Paragraph 8.

9.      Admits that on or about March 15, 2014, Plaintiff was placed on a 90-day performance Improvement Action Plan (IAP) and was informed of the provisions of the IAP, including the requirement that her compliance score needed to be 95 or higher, but denies the remaining allegations of Paragraph 9.

10.     Denies the allegations of Paragraph 10 and leaves Plaintiff to her proof thereon.

11.     Lacks sufficient information upon which to form a belief as to whether Plaintiff required FMLA leave on April 9, 2014, and therefore denies that allegation.  Denies that 30 days had elapsed since the IAP was issued, but admits the remaining allegations of Paragraph 11.

12.     Lacks information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's reaction to her termination, and therefore denies those allegations. Defendant denies the remaining allegations of Paragraph 12.

CAUSES OF ACTION

Count 1-FMLA Retaliation

13.    In answer to Paragraph 13, Defendant incorporates by reference and re-alleges its Answer to Paragraphs 1 through 12 of Plaintiff's Complaint, as if fully set forth herein.

14.    Paragraph 14 contains legal conclusions to which no answer is required.  To the extent that a response is deemed necessary, Defendant denies the allegations in Paragraph 14 of the Complaint, including the legal conclusions alleged therein.

15.    Paragraph 15 contains legal conclusions to which no answer is required.  To the extent that a response is deemed necessary, Defendant denies the allegations in Paragraph 15 of the Complaint, including the legal conclusions alleged therein.

16.    Paragraph 16 contains legal conclusions with respect to the existence of a *prima facie* case under the FMLA, to which no answer is required.  Defendant admits that Plaintiff was authorized to take certain leave under the FMLA and that she was discharged, but denies the remaining allegations in Paragraph 16.

17.    Denies the allegations in Paragraph 17 and specifically, denies that Plaintiff is entitled to the relief described in the Paragraph 17 or to any relief whatsoever.

PRAYER

18. Denies that Plaintiff is entitled to any remedy in this matter, and specifically, denies that Plaintiff is entitled to the relief described in the "PRAYER" Paragraph 18.

19.    Denies each and every allegation of the Complaint not specifically admitted.

FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is limited to the extent that she has failed to mitigate her damages, if any.

## THIRD AFFIRMATIVE DEFENSE

All actions taken or alleged to have been taken against Plaintiff were based on legitimate, non-discriminatory reasons wholly unrelated to the Plaintiff's FMLA entitlement or leave.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial on her claims for equitable relief.

## FIFTH AFFIRMATIVE DEFENSE

At all relevant times, Plaintiff was an employee of First Data Technologies Inc. and First Data Corporation is not a proper party to these proceedings.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to general damages, non-economic damages, mental anguish damages, or exemplary damages under the FMLA.

WHEREFORE, Defendant, Frist Data Technologies, respectfully requests that the Complaint be dismissed in its entirety, that judgment be entered in favor of Defendant and against Plaintiff, and that Defendant be awarded its costs and expenses, including costs and counsel fees, and such other relief as the Court deems just and proper.

Respectfully submitted,

BRANSCOMB PC
802 N. Carancahua, Suite 1900
Corpus Christi, TX 78401
Telephone:  (361) 886-3800
Facsimile:  (361) 886-3805

By:    /s/ Keith B. Sieczkowski
Keith B. Sieczkowski
TSB#18341650
Fed ID# 17118
ksieczkowski@branscombpc.com
Heather M. Lucas
TSB#24077616
Fed ID# 1223427
hlucas@branscombpc.com

Abigail Moland, Pro Hac Vice
A. Stevenson Bogue, Pro Hac Vice
MCGRATH NORTH MULLIN & KRATZ, PC LLO
3700 First National Tower
1601 Dodge St.
Omaha, NE 68102
Telephone: (402) 633-1491
Facsimile: (402) 952-1891

By:     /s/ Abigail Moland
        Abigail Moland, Pro Hac Vice
        amoland@mcgrathnorth.com


ATTORNEYS FOR DEFENDANT
FIRST DATA TECHNOLOGIES, INC.


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all

parties in accordance with the Federal Rules of Civil Procedure on this 26th day of June, 2014.

Jon D. Brooks                           *Via ECF*
Brooks, LLP
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401


                    /s/ Abigail Moland
                    Abigail Moland